VAN ORMAN v. McGREGOR *et al.*

1 Conveyance: ACKNOWLEDGMENT: EVIDENCE. While the certificate of acknowledgment to a deed is not conclusive, it is nevertheless very strong evidence, that the conveyance was executed by the persons certified to in the acknowledgment.

2. —— AFTER ACQUIRED INTERESTS. Where a deed purports to convey a greater interest than the grantor was at the time possessed of, any after acquired interest of the grantor to the extent of that which the deed purports to convey, inures to the benefit of the grantee. Rev. § 2210.

*Appeal from Clayton District Court.*

FRIDAY, DECEMBER 6.

SUIT in equity to set aside a conveyance to defendant's ancestor, and to quiet plaintiff's title to lots two and three, section fifteen, township ninety-five, north of range three west, in Clayton county, Iowa. The land in controversy is a part of what was formerly a military reservation for the use of Fort Crawford at Prairie du Chien. The land was never subject to private entry. Solomon Wadsworth, under whom both parties claim, had permission to and did occupy the said lots from 1854 up to 1861. During that time he resided thereon in a house which he built; he also fenced and cultivated a portion of the lots.

On the 24th day of June, 1858, the said Wadsworth and wife executed a warrantee deed for the said lot three, to Alexander McGregor, now deceased (the ancestor of defendants), which deed was duly acknowledged, and was recorded on the day succeeding its date. An act for the relief of Solomon Wadsworth, was passed by congress and approved June 16th, 1860, by which the title to said lots two and three was confirmed in said Wadsworth, upon the payment by him, into the proper land-office, of

one dollar and twenty-five cents per acre.   But there was a mistake in the description of the land in this act, it being described as in township ninety-four instead of ninety-five.

On the 25th day of October, 1862, the said Wadsworth sold and transferred his interest in said lots two and three to the plaintiff; and on the 11th day of November following, the plaintiff furnished to said Wadsworth one hundred and sixty-eight dollars and fifty-five cents, with which he paid the entrance or purchase price of both said lots, to the receiver of the United States land-office at Des Moines.   On the same day, the said Wadsworth assigned the duplicate certificate of entry to the plaintiff; but by a mistake the assignment, which was written on the back of the duplicate, was made to James W. Van Orman, instead of Joel W. Van Orman, which is plaintiff's true name.   The plaintiff having discovered the error in the act of congress before mentioned, procured the passage of another act, which was approved February 15th, 1865, correcting the same.   The plaintiff claims that his title to lot three is paramount to that of defendants.

The commissioner of the United States general land-office refused to issue a patent to the plaintiff upon the assignment of the duplicate held by him, and gave him ninety days to file his suit in equity to obtain a judicial determination of his rights as against the heirs of Alexander McGregor, deceased, and to correct the error of name in the assignment.   This suit was brought within that time and for those purposes.

The defendants concede the error in the assignment of the duplicate, and that the same was intended to be assigned to the plaintiff.

The District Court held and decreed the defendant's title to lot three to be paramount to the plaintiff's; that

plaintiff was entitled to a decree for the money advanced by him to pay the entrance price of the land in lot three, and that each party pay his own costs. The plaintiff appeals.

*J. W. Van Orman pro se.*

*Elijah Odell* for the appellee.

COLE, J. — I. The point in controversy, to which much of the testimony is directed, is as to the signing of the

1. CONVEY-
ANCE:
acknowl-
edgment:
evidence.

deed to Alexander McGregor, by Ursula Wadsworth, wife of Solomon Wadsworth. Lot three was occupied by Wadsworth and wife as a homestead at the date of the deed to McGregor. The certificate of the officer who took her acknowledgment is appended to the deed, and is in due form. This, though not conclusive, is very strong evidence of the fact of execution. *Morris* v. *Sargent et al.*, 18 Iowa, 90. But, aside from this evidence, the weight of the testimony is, that she signed and acknowledged the deed. The fact of her signing it is testified to positively and directly by the officer who took the acknowledgment and one other witness, both of whom subscribed the deed at the time as attesting witnesses. Solomon Wadsworth testifies to his signing the deed, and to the fact that the officer went to his house to obtain the signature and acknowledgment of his wife, who was at home when the officer was there, but he does not recollect that she signed it. Ursula, the wife, remembers that the officer and other subscribing witness were at her house with a paper, but she denies her signature, which was by a mark. A daughter of hers, then eleven years old, was also present, but does not remember that her mother signed the deed, and testifies that, to her best recollection, she did not, for she was constantly engaged in her household labors. All agree as to the

visit of the officer, and the purpose of it. The certificate was then duly made, and was recorded the next day, and has remained uncontradicted for over eight years. In view of the positive testimony as to its execution and acknowledgment, even aside from the certificate, when compared with the half negative character of the testimony in opposition to it, we have no hesitation in holding, that the deed was executed by the wife. With the certificate, the case is beyond doubt.

II. This deed, then, by Wadsworth and wife to Alexander McGregor, conveyed all their interest in lot three 2. —— after to him. By our statute (Rev. § 2210) "where acquired interest. a deed purports to convey a greater interest than the grantor was at the time possessed of, any after acquired interest of the grantor, to the extent of that which the deed purports to convey, inures to the benefit of the grantee." By force of this section, the after confirmation of the title in Wadsworth, the grantor, with warranty, inured to McGregor, the grantee, his deed purporting to convey to him an absolute title in fee simple. But, aside from this provision, the case is very plain. McGregor first purchased Wadsworth's interest, whatever it was, and took a conveyance thereof which was duly acknowledged and recorded. This conveyance became constructive notice to all persons, including the plaintiff.

The plaintiff, therefore, is a subsequent purchaser with notice, and, of course, cannot have a title paramount to the first purchaser.

There is no complaint by the defendants as to the judgment of the District Court in relation to the costs. The plaintiff is entitled to a decree correcting the error in his name as assignee of the duplicate certificate of entry for both lots two and three, and is also entitled to a decree against the McGregor defendants, and a lien

upon lot three for the repayment to him of the money paid to the receiver of the United States land-office at the time of the entry thereof, together with six per cent interest thereon from that date. With this modification, the judgment of the District Court will, at the costs of plaintiff and appellant, be

Affirmed.