B. F. Greenland, Appellee, v. Ben Abben, Receiver, et al., Appellants.

Ben Abben, Receiver, Appellant, v. B. F. Greenland et al., Appellees.

No. 42180.

May 15, 1934.

Frank S. Lovrien, for appellants.

Coyle & Coyle, for appellees.

Albert, J.—In February, 1932, B. F. Greenland filed a petition in equity to quiet title to four lots in block 3, in Young's addition, Gilmore City, Iowa, making Ben Abben, receiver of the Gilmore Exchange Bank, together with other parties, defendant, and alleging, among other things, that the defendants claimed some right in said property by reason of a certain pretended mortgage, and that the signatures thereto are not the genuine signatures of plaintiff and his wife, and that said instrument was never executed by the plaintiff and his wife. Later in the same month said Abben, as receiver of said bank, filed a petition making Greenland and his wife defendants, and asking foreclosure of the mortgage in question. In

the latter case the defendants, husband and wife, filed sworn answer denying, first, each and every allegation of said petition, and particularly denying that the signatures to the note and to the mortgage on which the plaintiff sued are the genuine signatures of either of the defendants, and by amendment pleaded that, if either of the defendants signed and executed said instruments, the same was without consideration and that the defendants received nothing of value therefor.

When the two cases were reached for trial, it was agreed that the cases should be "consolidated for the purpose of trial and that separate decrees shall be entered in the cases if the court finds that the rights of the parties cannot be protected by the entry of a single decree." The court in one case entered a decree quieting the title in B. F. Greenland. In the foreclosure case the court entered a decree finding that the signature of Cora M. Greenland to the note and mortgage was not the genuine signature of Cora M. Greenland and finding that she is not liable on said note, and that plaintiff is not entitled to foreclosure, and further entered judgment against B. F. Greenland for the amount due on said note. From these decrees Abben, as receiver, appeals.

It will be noticed, therefore, that, as against this mortgage and note, two defenses are made: first, that the signatures thereto are not the genuine signatures of the defendants; and, second, a plea of want of consideration for the execution of said instruments.

I. The appellant concedes that under the provisions of section 11218 of the Code of 1931, the burden of proof is upon the appellant to establish the genuineness of the signatures. We therefore turn to the record to review briefly the evidence on the first proposition.

Both of these instruments bear date of December 26, 1922. To a fair understanding of the matter it may be said that the Gilmore Exchange Bank of Gilmore City was a private bank, owned by a partnership the members of which were H. S. and L. H. Van Alstine. On the 12th day of October, 1931, Ben Abben was appointed receiver of said bank, and on taking charge of same as such receiver he found among the assets of the bank the aforesaid mortgage and note. Abben testifies that prior to the time he was appointed receiver he had been an employee in the bank since 1922, and that he was acquainted with B. F. Greenland and wife and had seen their signatures at different times during that period. The note is known

in the record as Exhibit A and the mortgage as Exhibit B. He testifies: "I say that the signature upon Exhibit A is the signature of B. F. Greenland and Cora M. Greenland, and I identify them as their signatures."

On cross-examination this witness says:

"I have seen the signatures of B. F. Greenland and Cora M. Greenland a number of times. I have seen them write. I have some checks of B. F. Greenland's that I can produce showing his signature. I haven't any of Cora M. Greenland's. I would not remember how many times I have seen Cora M. Greenland write her name. I do not think I have seen them write in three years."

B. F. Greenland testifies:

"The signature of B. F. Greenland on the note Exhibit A is not my signature. I never signed that. I never had any deal with L. H. Van Alstine or any of the Van Alstines out of which this note grew that I remember of, and I never received anything of value for this note. I never signed the mortgage Exhibit B. It isn't my signature and I never received anything of value for the mortgage."

On cross-examination he says:

"I never did give the Gilmore Exchange Bank a note. I tell you now if I did, I don't know it. I know L. R. Van-Alstine. I don't remember of his ever taking my acknowledgment on this mortgage Exhibit B."

Cora M. Greenland testifies:

"Q. I show you a note which has heretofore been identified as plaintiff's Exhibit A, and I will ask you whether or not the signature thereto Cora M. Greenland is your signature? A. No, no sir. I did not receive anything of value for that note. I never had any dealings with the Van Alstines or the people connected with the Gilmore Exchange Bank out of which the note could have grown. I never borrowed a dime of them. I don't know of my husband ever borrowing any money of them. The signature Cora M. Greenland in Exhibit B is not my signature and I never received anything of value for the mortgage. I never went before L. R. Van Alstine and acknowledged that mortgage."

On cross-examination she says:

"I never signed the note and I never signed the mortgage and I have no recollection of it. My husband transacted the business for the family. I did not know of his borrowing any money at the bank."

H. S. Van Alstine testifies to B. F. Greenland's signature. He was not so certain about Cora M. Greenland's signature. As to her signature, he says:

"I am not as familiar with her signature as I would be with Frank Greenland's signature for I hadn't seen it as often. I saw her signature during those years and I have been in the banking business for 44 or 45 years. That is the signature of B. F. Greenland. I would not be sufficiently familiar with the signature of Cora M. Greenland to testify on that, for I don't recall of having seen her signature except on these instruments."

As to Exhibit B (the mortgage) he says:

"That is the signature of B. F. Greenland. As to Cora M. Greenland I would say the same as I did to the other instrument."

L. R. Van Alstine testifies that he worked in the Gilmore bank, commencing in 1919 as an assistant cashier, and that he was acquainted with B. F. Greenland and his wife for a good many years. He identifies his signature to the acknowledgment on the mortgage, Exhibit B. He has no independent recollection of the transaction, and says: "But I know they would appear before me if I signed as notary. I never did acknowledge a signature without they would appear before me."

The witness further says:

"I would recognize the B. F. Greenland signature plainly; the Cora M. Greenland signature I wouldn't be as familiar with. I have seen her signature a very few times aside from the signature on these instruments, but based upon her signatures that I have seen I would say that the signature of Cora M. Greenland to the note is her signature. I have seen her actually sign her name while I was working in the bank."

On cross-examination this witness testifies with reference to the acknowledgment:

"I have no personal recollection of the transaction. The

strongest reason I have for saying the Greenlands acknowledged the mortgage is because I find that I made the certificate of acknowledgment and in fact is the only reason."

At this point evidence was introduced showing the items for which the note in suit herein was given in the first instance.

L. H. Van Alstine testifies that he was one of the former owners of the Gilmore Exchange Bank and was actually engaged in the operation of the same from the year 1919 to the time of its closing.

"During the time that I was in the bank I observed the signatures of B. F. Greenland and Cora M. Greenland. In my judgment the signatures on Exhibit A are the signatures of B. F. Greenland and Cora M. Greenland, and I would say that the signatures on Exhibit B are the signatures of B. F. Greenland and Cora M. Greenland."

On cross-examination he says:

"I do not know that I ever saw Mrs. Greenland write, but I have seen her signature. I know I have seen her signature on notes and letters."

The question, therefore, at this point, is whether or not, under the showing made, the receiver has carried his burden of establishing that the signatures of B. F. Greenland and Cora M. Greenland to the aforesaid instruments were their genuine signatures. We have individual denials on the part of both Greenland and his wife that they signed these instruments. This testimony is met by the testimony of the employees of the bank, which tends quite strongly to show that each of these parties signed the instruments in controversy. One other element, however, adds strength to the appellants' position. The mortgage, Exhibit B, was duly acknowledged before a notary public, and such acknowledgment appears on the instrument. Early in the history of this court we had this question before us in the case of Van Orman v. McGregor, 23 Iowa 300, and we there said:

"The certificate of the officer who took her acknowledgment is appended to the deed, and is in due form. This, though not conclusive, is very strong evidence of the fact of execution."

In the case of Currier v. Clark, 145 Iowa 613, 124 N. W. 622, we had an action to foreclose a mortgage against a man and his

wife, and they filed sworn answer denying their signatures. We there said:

"The acknowledgment was taken before H. H. Dewey, a notary public, and his certificate appears to the mortgage in ordinary form. In a deposition taken in another state such notary identified the certificate as being in his handwriting, and over his signature. He stated, however, that he could not remember the circumstances of the transaction, but that he never took an acknowledgment unless the acknowledging persons were present."

The wife denied her signature to the mortgage and denied that any one was authorized to sign for her. We further said in that case:

"Mrs. Clark did not in terms deny that she made the acknowledgment in question before the notary. She did testify that she never had heard of Mrs. Currier (plaintiff) until many years later, and such statement might be deemed an inferential denial of the acknowledgment. That she might have acknowledged the mortgage, however, without learning the name of the mortgagee would be neither incredible nor improbable. We do not think that the formal denial made by Mrs. Clark in her direct testimony, and which is necessarily based upon the present state of her recollection, can be deemed sufficient to overcome the strong presumption arising from an acknowledgment of the mortgage. If the mortgage is to be deemed sufficiently proven, such proof is necessarily sufficient to prove the execution of the note also, because the mortgage describes the note."

This seems to be the general rule. See 1 C. J. p. 784, section 80; 1 R. C. L. p. 293, section 80.

Taking this rule as to the force and effect of acknowledgments together with the testimony introduced by the receiver, we reach the conclusion that the receiver has carried his burden of proof and established the fact that the signatures of both Greenland and his wife to said note and mortgage are the genuine signatures of these parties.

II. One other vital question is involved in this case, and that is the question of whether or not Greenland and his wife are entitled to any relief under the plea of want of consideration. The record very satisfactorily shows as to Greenland that there was an abundant consideration for his signature to the note and mortgage.

As to the wife, the evidence is not satisfactory. It is true that

on a plea of want of consideration, where there is a written contract, the burden of proof is on the party so asserting such want of consideration. See Gould v. Gunn, 161 Iowa 155, loc. cit. 161, 140 N. W. 380. We think that under the record in this case Cora M. Greenland has sustained the burden. She denies specifically having any knowledge or information whatever as to the transaction of her husband and his indebtedness to the bank, and also specifically denies that she ever received anything of value for her alleged signature to said note, and her evidence in relation thereto stands undenied in the record. If there were any facts to support a consideration as against Mrs. Greenland, they are not in this record, and the appellant does not make such a claim.

We are therefore disposed to hold that under this record there was no consideration for the signature of Mrs. Greenland to the note and mortgage in controversy. This being our conclusion, and the record showing that at all times involved herein the property in controversy was the homestead of Greenland and his wife, it follows that the ruling of the court in so far as Mrs. Greenland is concerned was right. The decree quieting the title in Greenland is affirmed, and the decree in the other case, holding that the mortgage is unenforcible and relieving Mrs. Greenland from liability, is found to be correct. The part of the second decree giving judgment against Greenland for the amount due on the mortgage, including taxes, is affirmed.—Affirmed.

CLAUSSEN, C. J., and MITCHELL, EVANS, and DONEGAN, JJ., concur.